**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TIMOTHY CLEVELAND,

     Plaintiff(s),

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, et al.,

     Defendant(s).

Case No.: 2:19-cv-01255-APG-NJK

**ORDER**

On August 9, 2019, the Court dismissed Plaintiff's complaint with leave to amend for violating Fed.R.Civ.P. 8.  Docket No. 3.  The Court advised Plaintiff that a properly pled complaint must provide a short and plain statement of the claim that shows that the pleader is entitled to relief.  *Id.* at 2 (citing Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Moreover, "[a]lthough Rule 8 does not require detailed factual allegations, it demands 'more than labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[T]o comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995)).  Although the Court construes pleadings from *pro se* litigants liberally, such litigants must still comply with the basic requirements of Rule 8.  *Montgomery v. Las Vegas Metropolitan Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).

The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is

1    commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C. §

2    1391(b).  If a case has been filed in the wrong district, the district court in which the case has been

3    incorrectly filed has the discretion to transfer such case to any district in which it could have been

4    brought.  28 U.S.C. § 1406(a); *see also Parks v. Johnson*, 2016 U.S. Dist. Lexis. 16284, *1 (D.

5    Nev. Feb. 9, 2016).

6         Here, Plaintiff's claims arise out of alleged events taking place in Kern County, California.

7    *See* Docket No. 5 at 4–5.  Plaintiff alleges that he applied for a USDA loan, related to his "avian

8    egg production operation" in Kern County, California, and that, on August 20, 2015, his

9    application was denied.  *See id.* at 4.  Plaintiff's remaining allegations detail why he submits that

10   denial violated the Administrative Procedure Act, the Equal Credit Opportunity Act, Title VI of

11   the Civil Rights Act of 1964, the Acceleration and Foreclosure Moratorium, and 5 U.S.C. § 552(d).

12   *See id.* at 3.  Plaintiff has alleged no connection of any kind between his claims and this District.

13   None of the above venue provisions renders this District a proper venue for this case.

14        Accordingly, the Court **ORDERS** that the Clerk of Court transfer this matter to the Eastern

15   District of California (Bakersfield Division) and that this case be closed.

16        IT IS SO ORDERED.

17        Dated: August 13, 2020

18   _____

19   Nancy J. Koppe
     United States Magistrate Judge

20

21

22

23

24

25

26

27

28

2